# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3486

_____

United States of America

*Plaintiff - Appellee*

v.

John Prickett, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: September 12, 2016
Filed: October 5, 2016
[Published]

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

John Prickett, Jr. shot his wife multiple times while camping in Buffalo River National Park. Fortunately, she survived. He conditionally pleaded guilty to assault with intent to commit murder, a violation of 18 U.S.C. § 113(a)(1) ("Count I"), and use of a firearm during a crime of violence, a violation of 18 U.S.C.

§ 924(c)(1)(A)(iii) ("Count II"). Prickett moved to dismiss Count II of the indictment, but the district court[1] denied his motion. We affirm.

The district court found that Prickett's conviction for assault with intent to commit murder met the definition of a "crime of violence" under § 924(c)(3)(B). Prickett argues that the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), extends to invalidate § 924(c)(3)(B) as unconstitutionally vague. If § 924(c)(3)(B) is unconstitutional, Prickett seeks dismissal of Count II. We review the constitutionality of § 924(c)(3)(B) de novo. *See United States v. Seay*, 620 F.3d 919, 923 (8th Cir. 2010).

Section 924(c)(1)(A) provides specified mandatory minimum sentences for persons convicted of a "crime of violence" who use or carry a firearm in furtherance of that crime. Section 924(c)(3) defines "crime of violence" as

an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

"Section 924(c)(3)(B) defines a crime as a crime of violence if '*by its nature* it involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *United States v. Moore*, 38 F.3d 977, 979 (8th Cir. 1994) (quoting 18 U.S.C. § 924(c)(3)(B)). A

---

[1]The Honorable Paul K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas

court's determination of "the nature of a crime requires an examination of the elements which compose it." *Id*. "This is the categorical approach." *Id*.; *see also Omar v. I.N.S.*, 298 F.3d 710, 714 (8th Cir. 2002) (recognizing that a categorical approach applies to § 924(c)(3)(B)).

Prickett does not contest that assault with intent to murder under § 113(a)(1) "by its nature" comes within the reach of § 924(c)(3)(B). *See United States v. Mills*, 835 F.2d 1262, 1264 (8th Cir. 1987) ("Furthermore, the legislative history is clear that the Congress amended section 924(c) with the express purpose of authorizing an additional sentence to that imposed for the underlying felony, specifically including section 113." (citation omitted)). Instead, Prickett argues that § 924(c)(3)(B) is invalid under *Johnson*. "Because § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson*, and because much of *Johnson*'s analysis does not apply to § 924(c)(3)(B), [Prickett's] argument in this regard is without merit." *United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016).

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." 135 S. Ct. at 2557. The portion of the ACCA that the Court found unconstitutionally vague defined "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555–56 (emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

"[B]ecause several factors distinguish the ACCA residual clause from § 924(c)(3)(B)," *Taylor*, 814 F.3d at 376, we join the Second and Sixth Circuits in upholding § 924(c)(3)(B) against a vagueness challenge. *See id*. at 375–79; *United States v. Hill*, No. 14-3872-CR, 2016 WL 4120667, at *7–12 (2d Cir. Aug. 3, 2016). "First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury." *Taylor*, 814 F.3d at 376.

-3-

The "[r]isk of physical force against a victim" that § 924(c)(3)(B) requires "is much more definite than [the] risk of physical injury to a victim" that the ACCA residual clause required. *Id*. at 376–77. Section 924(c)(3)(B) also contains the "narrowing aspects" of "requiring that the risk of physical force arise 'in the course of' committing the offense" and "requir[ing] that the felony be one which 'by its nature' involves the risk that the offender will use physical force." *Id*. at 377 (quoting 18 U.S.C. § 924(c)(3)(B)). Unlike "the wide judicial latitude permitted by the ACCA's coverage of crimes that 'involve[] conduct' presenting a serious risk of injury," § 924(c)(3)(B) does not permit "a court to consider risk-related conduct beyond that which is an element of the predicate crime since the provision covers offenses that 'by [their] nature' involve a substantial risk that force may be used." *Id*. (alterations in original). Nor does § "924(c)(3)(B)'s requirement that physical force 'be used *in the course* of committing the offense' permit[] . . . inquiry into conduct following the completion of the offense." *Id*. Instead, "the force must be used and the risk must arise in order to effectuate the crime. Thus, unlike the ACCA residual clause, § 924(c)(3)(B) does not allow courts to consider 'physical injury [that] is remote from the criminal act,' a consideration that supported the Court's vagueness analysis in *Johnson*." *Id*. (alteration in original) (quoting *Johnson*, 135 S. Ct. at 2559).

"Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B)." *Id*. at 376. The ACCA residual clause contains a "textual link . . . by the word 'otherwise' to four enumerated but diverse crimes." *Id*. at 377 (citing *Johnson*, 135 S. Ct. at 2558). The ACCA residual clause's use of the word "otherwise" "force[d] courts to interpret 'serious potential risk' in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives.'" *Id*. (quoting *Johnson*, 135 S. Ct. at 2558). But § 924(c)(3)(B) does not "link[] the 'substantial risk' standard, through the word otherwise, 'to a confusing list of examples.'" *Id*. (quoting *Johnson*, 135 S. Ct. at

2561). Therefore, courts need not "analogiz[e] the level of risk involved in a defendant's conduct to burglary, arson, extortion, or the use of explosives." *Id*.

"Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B)." *Id*. at 376. Section 924(c)(3)(B) does not have a similar history, as "the Supreme Court has not unsuccessfully attempted on multiple occasions to articulate the standard applicable to the § 924(c)(3)(B) analysis." *Id*. at 378. Nor can we transfer "the confusion about the ACCA in pre-*Johnson* Supreme Court decisions . . . to § 924(c)(3)(B), because much of the confusion in the ACCA cases concerned the four enumerated crimes that were linked to the residual clause." *Id*. (citing *Johnson*, 135 S. Ct. at 2558–59).

"Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B)." *Id*. at 376. The Court dismissed the concern that its holding "would place in doubt 'dozens of federal and state criminal laws[, like § 924(c)(3)(B), that] use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk.''" *Id*. at 378 (alteration in original) (quoting *Johnson*, 135 S. Ct. at 2561). "The Court gave two reasons why that was not the case, and one of them directly distinguishes § 924(c)(3)(B)": it does not "link[] a phrase such as 'substantial risk' to a confusing list of examples." *Id*. (quoting *Johnson*, 135 S. Ct. at 2561).

In summary, "*Johnson* did not invalidate the ACCA residual clause because the clause employed an ordinary case analysis [, the categorical approach,] but rather because of a greater sum of several uncertainties." *Id*. The Court invalidated it because it contained a

double-layered uncertainty . . . which required courts employing the categorical approach first to estimate the potential risk of physical injury posed by "a judicially imagined 'ordinary case' of [the] crime" at issue, and then to consider how this risk of injury compared to the risk posed by the four enumerated crimes, which are themselves, the Court noted, "far from clear in respect to the degree of risk each poses." *Id.* at 2557–58 (quoting *Begay v. United States*, 553 U.S. 137, 143, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008)). It was these twin ambiguities—"*combining* indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony"—that offended the Constitution. *Id*. at 2558 (emphasis added); *see also id.* at 2560 (observing that "[e]ach of the uncertainties in the residual clause may be tolerable in isolation, but 'their sum makes a task for us which at best could be only guesswork'" (quoting *United States v. Evans*, 333 U.S. 483, 495, 68 S. Ct. 634, 92 L. Ed. 823 (1948))).

*Hill*, 2016 WL 4120667, at \*8 (second and third alterations in original) (footnote omitted).

We therefore conclude that *Johnson* does not render § 924(c)(3)(B) unconstitutionally vague. As a result, we hold that the district court did not err in denying Prickett's motion to dismiss Count II.

---