FILED
United States Court of Appeals
Tenth Circuit

July 6, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE ANTHONY AUTOBEE,

Defendant - Appellant.

No. 17-1082
(D.C. No. 1:16-CV-01526-LTB
and 1:05-CR-00054-LTB-1)
(D. Colorado)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY,** and **McHUGH**, Circuit Judges.

George Anthony Autobee, through counsel, seeks a certificate of appealability

(COA) to challenge the district court's denial of his motion under 28 U.S.C. § 2255 to

vacate his sentence. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we

deny Mr. Autobee's request for a COA and dismiss this appeal in its entirety.

## I.  BACKGROUND

Mr. Autobee pled guilty and was convicted of two counts of using a firearm

during and in relation to a crime of violence under 18 U.S.C. § 924(c). The predicate

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

crime of violence was armed bank robbery, 18 U.S.C. § 2113(a), (d). In 2006, Mr. Autobee was sentenced to 60 months' imprisonment on Count 1 and 240 months' imprisonment on Count 2, for a total prison term of 300 months. Mr. Autobee did not file a direct appeal.

On June 20, 2016, Mr. Autobee filed a 28 U.S.C. § 2255 motion requesting that the district court vacate his sentence based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, which issued on June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. *Id.* at 2557.[1] The ACCA's residual clause defines a "violent felony" as a felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

Relying on *Johnson*, Mr. Autobee argued in his motion that armed bank robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3). Section 924(c)(3) defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). Mr. Autobee claimed that armed bank robbery does not constitute a crime of violence under § 924(c)(3)(A), also known as the elements clause, and that he was therefore necessarily convicted under § 924(c)(3)(B), also known as the risk of force

---

[1] The Court later made *Johnson*'s holding retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

clause. Mr. Autobee further maintained that the risk of force clause is unconstitutionally vague because of its similarity to the ACCA's residual clause.

In response, the government contended that Mr. Autobee's motion is untimely because it was filed more than one year after the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). And, even though Mr. Autobee filed his motion within one year of *Johnson*, the government claimed that *Johnson* did not establish the right Mr. Autobee now asserts, i.e., that § 924(c)(3)(B) is unconstitutionally vague. *See* 28 U.S.C. § 2255(f)(3). The government further argued that, even if Mr. Autobee's motion is timely, § 924(c)(3)(B) is not unconstitutionally vague after *Johnson*. And even if it is, the government asserted that armed bank robbery is still a crime of violence under the elements clause.

The district court agreed with the government and denied Mr. Autobee's motion. The court first ruled that Mr. Autobee's motion is untimely because he filed it more than one year after the judgment of conviction became final and *Johnson* did not establish the right Mr. Autobee now asserts. But the court also ruled that even if his motion were deemed timely and the risk of force clause assumed to be invalid, Mr. Autobee could not prevail because armed bank robbery is a crime of violence under the elements clause.

## II.    DISCUSSION

Mr. Autobee now seeks a COA so he can appeal the district court's ruling. Below, we first provide the legal standard governing the issuance of a COA. We then analyze the timeliness of Mr. Autobee's motion.

## A. *Certificate of Appealability*

A prisoner challenging a district court's denial of a 28 U.S.C. § 2255 motion must first obtain a COA as a jurisdictional prerequisite to proceed with an appeal. 28 U.S.C. § 2253(c)(1)(B); *see Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) ("A COA is a jurisdictional pre-requisite to our review."). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where a district court denies a petition on procedural grounds—such as untimeliness— without reaching the merits of the underlying constitutional claims, a prisoner must satisfy a two-part standard to obtain a COA. He must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The prisoner must overcome both hurdles, as "[e]ach component . . . is part of a threshold inquiry." *Id.* at 485.

Instead of addressing the threshold requirements in order, we may "resolve the issue whose answer is more apparent from the record and arguments." *Id.* Because we ordinarily "will not pass upon a constitutional question . . . if there is also present some other ground upon which the case may be disposed of," we generally resolve procedural issues first. *Id.* (internal quotation marks omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484. But if we find that

4

reasonable jurists could debate the resolution of the procedural issues, we must then consider whether the prisoner's motion states valid constitutional claims. In doing so, we "simply take a quick look at the face of the [petition] to determine whether the petitioner has facially alleged the denial of a constitutional right." *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000) (internal quotation marks omitted). We are limited to "an overview of the claims in the habeas petition and a general assessment of their merits," rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017) ("When a court of appeals sidesteps the COA process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction." (quoting *Miller-El*, 537 U.S. at 336–37)).

Here, after carefully considering the district court's order and the record on appeal, we conclude that Mr. Autobee is not entitled to a COA to challenge the district court's denial of his § 2255 motion because reasonable jurists could not debate whether the district court was correct in its procedural ruling. Accordingly, we deny Mr. Autobee's request for a COA and dismiss his appeal for the reasons set forth below.

### B. *Timeliness of Mr. Autobee's Motion*

Mr. Autobee would ordinarily have one year to file his § 2255 motion from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). That deadline has come and gone, as Mr. Autobee filed his motion almost ten years after his conviction became final. Mr. Autobee therefore relies on § 2255(f)(3), under which the

5

one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Mr. Autobee filed his motion less than one year after the Court decided *Johnson*, so the issue is whether reasonable jurists could debate the district court's conclusion that *Johnson* did not establish the right Mr. Autobee now asserts.

Recall that the Court in *Johnson* invalidated the ACCA's residual clause for being unconstitutionally vague. The residual clause defines a "violent felony" as a felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This provision is similar, but not identical, to the risk of force clause in 18 U.S.C. § 924(c)(3)(B), which defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Mr. Autobee argues that *Johnson* supplies the right asserted because there is no meaningful distinction between the ACCA's residual clause and the risk of force clause in § 924(c)(3)(B). In support, he cites *Golicov v. Lynch*, 837 F.3d 1065 (10th Cir. 2016). In *Golicov*, we held that the risk of force clause in 18 U.S.C. § 16(b) is unconstitutionally vague under the principles announced in *Johnson*. *Id.* at 1072. The risk of force clause in § 16(b) is identical to the risk of force clause in § 924(c)(3)(B). Thus, it is reasonable to

6

argue that we would similarly extend the reasoning of *Johnson* to invalidate the risk of force clause in § 924(c)(3)(B).[2]

But in determining the timeliness of Mr. Autobee's § 2255 motion, the question is not whether a court of appeals has recognized the right at issue, but instead whether the Supreme Court itself has done so. *See* 28 U.S.C. § 2255(f)(3) (measuring the one-year filing deadline from "the date on which the right asserted was initially recognized *by the Supreme Court*, if that right has been newly recognized *by the Supreme Court . . .*" (emphasis added)); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) (stating that "a decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under [§ 2255(f)(3)]"). Accordingly, our extension of *Johnson* to § 16(b) is not determinative.

Rather, the question is whether Mr. Autobee asserts the same right announced in *Johnson* with a different application, or instead a new right that the Supreme Court has yet to recognize. A right is "new" if it is "not *dictated* by precedent." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013). And a right is "dictated" by precedent only if it is "apparent to all reasonable jurists." *Id.* (internal quotation marks omitted). Therefore, Mr. Autobee's motion is time-barred unless *Johnson* dictates, or compels, the invalidation of the risk of force clause in § 924(c)(3)(B).

Even if we were to conclude that the reasoning of *Johnson* should be extended to invalidate § 924(c)(3)(B)—which is not itself obvious even after holding that § 16(b) is

---

[2] We specifically noted in *Golicov v. Lynch*, 837 F.3d 1065, 1072 n.1 (10th Cir. 2016), that "[b]ecause § 924(c)(3)(B) is not implicated in this case, we offer no opinion on its constitutionality."

7

unconstitutional—it is far from "apparent to all reasonable jurists" that § 924(c)(3)(B) is unconstitutional under *Johnson*, as evidenced by the federal courts of appeals that have rejected vagueness challenges to § 924(c)(3)(B) predicated on *Johnson*. *See United States v. Prickett*, 839 F.3d 697, 699–700 (8th Cir. 2016); *United States v. Hill*, 832 F.3d 135, 145–50 (2d Cir. 2016); *United States v. Taylor*, 814 F.3d 340, 375–79 (6th Cir. 2016). As a result, *Johnson* does not dictate the right Mr. Autobee asserts, as he seeks an altogether new right the Supreme Court has yet to recognize. Because § 2255(f)(3) contemplates a new right recognized by the Supreme Court, rather than by a lower court, he may not avail himself of that provision. And no reasonable jurist could debate the district court's conclusion that Mr. Autobee's motion is untimely because he filed it more than one year after the date his conviction became final.

### III.   CONCLUSION

For the reasons stated above, we conclude that reasonable jurists could not debate that the district court correctly denied Mr. Autobee's § 2255 motion as untimely. We thus deny Mr. Autobee's request for a COA and dismiss this appeal in its entirety.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

8