**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MALCO KIYABO KUNDO,

    Defendant - Appellant.

No. 16-4128
(D.C. Nos. 2:16-CV-00436-DAK and
2:07-CR-00571-DAK-1)
(D. Utah)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Defendant-Appellant Malco Kiyabo Kundo, a federal inmate, seeks a

certificate of appealability ("COA") to appeal from the district court's denial and

dismissal of his motion to vacate, set aside, or correct his sentence under 28

U.S.C. § 2255. See Kundo v. United States, No. 2:16-CV-436-DAK, 2016 WL

3079755 (D. Utah May 31, 2016). Because we conclude his motion is time

barred, we deny a COA and dismiss the appeal. 28 U.S.C. § 2255(f)(3).

Background

In January 2008, Mr. Kundo pled guilty to (1) armed carjacking in violation

of 18 U.S.C. § 2119; (2) brandishing a firearm during a crime of violence in

violation of 18 U.S.C. § 924(c); and (3) obstruction of commerce by robbery in violation of 18 U.S.C. § 1951. 2 R. 9–14; 4 R. 3–17. On April 8, 2008, he was sentenced to 147 months' imprisonment and 60 months' supervised release. 2 R. 53–55.

Mr. Kundo chose not to directly appeal his sentence. Thus, the judgment entered on April 8, 2008, became final 14 days later on April 22, 2008, and his normal time to file a habeas motion expired on April 22, 2009. 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b)(1)(A). Mr. Kundo, however, filed his § 2255 motion with the district court on May 23, 2016. 1 R. 4. He contended that his motion was timely under § 2255(f)(3), which states that the one-year limitation period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The district court agreed that the Supreme Court recognized a new rule in Johnson v. United States, 135 S. Ct. 2551 (2015), which was then made retroactive in Welch v. United States, 136 S. Ct. 1257 (2016), and thus that Mr. Kundo's motion was timely. See Kundo, 2016 WL 3079755, at *2.

The district court then rejected Mr. Kundo's arguments on the merits. Id. at *3. Mr. Kundo argued that the residual clause of the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii), which was struck down by the Supreme Court in Johnson as unconstitutionally vague, is indistinguishable from the risk-

of-force clause of the definition of "crime of violence" in § 924(c)(3)(B).  Thus, according to Mr. Kundo, his enhanced sentence for brandishing a firearm during a crime of violence — carjacking — was therefore imposed in violation of the Constitution.  The district court disagreed, finding that because the clause in § 924(c) is applied to real-world conduct, it did not suffer from the constitutional deficiencies recognized in Johnson.  Kundo, 2016 WL 3079755, at *3.  The court then denied Mr. Kundo a COA, which he now seeks from this court.

Discussion

To obtain a COA, Mr. Kundo must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to [obtain a COA] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  However, we need not follow the course set out by the district court; instead, we may deny a COA on any ground supported by the record, even one not relied on by the district court.  See Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005).  "Accordingly, we may deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar."  Id.  The timeliness of a § 2255 motion is reviewed de novo.  United States v. Denny, 694 F.3d 1185,

1189 (10th Cir. 2012).[1]

Under 28 U.S.C. § 2255(f)(3), Mr. Kundo's motion for relief would be timely only if the right on which he relies "was initially recognized by the Supreme Court." Because Mr. Kundo relies on the right recognized by the Supreme Court in Johnson, the timeliness question boils down to whether Johnson directly controls or whether Mr. Kundo is actually seeking a new right not yet recognized by the Supreme Court. A right is considered "new" if it is "not *dictated* by precedent." Chaidez v. United States, 568 U.S. 342, 347 (2013) (quoting Teague v. Lane, 489 U.S. 288, 301 (1989)). And a right is "dictated by precedent" only if it is "apparent to all reasonable jurists." Id. (quoting Lambrix v. Singletary, 520 U.S. 518, 527–28 (1997)).

The new rule the Supreme Court announced in Johnson was that the

---

[1] The Supreme Court has recognized that a court of appeals can sua sponte raise the issue of timeliness, even if the government has forfeited (though not waived) the defense. See Wood v. Milyard, 566 U.S. 463, 473 (2012). Here, the government did not file a response, either before the district court or before this court. See 10th Cir. R. 22.1(B). Thus, since the government did not plead untimeliness as an affirmative defense, it must "be clear from the face of the [motion] itself." Kilgore v. Att'y Gen., 519 F.3d 1084, 1089 (10th Cir. 2008). We think that is the case here. See 1 R. 8–9 (contending that the motion was timely because "[t]he issue was not ripe for argument until Johnson II was decided"). Moreover, because the timeliness issue was clearly presented to and ruled on by the district court, and since the statute of limitations question under § 2255(f)(3) is so closely intertwined with the underlying merits argument the district court confronted and which Mr. Kundo presents in his application for a COA, we think the issue is ripe for our consideration without additional briefing. Cf. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (holding it was error for district court to rule sua sponte on procedural defense which had not been briefed at all without giving defendant an opportunity to respond).

- 4 -

residual clause of the Armed Career Criminal Act was unconstitutionally vague. 135 S. Ct. at 2563. The residual clause at issue defined "violent felony" as any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court explained that there were two features of the clause that made its application unconstitutionally vague. Johnson, 135 S. Ct. at 2557. First, by tying the judicial assessment of risk to a "judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements," the provision resulted in "grave uncertainty about how to estimate the risk posed by a crime." Id. Second, by "apply[ing] an imprecise 'serious potential risk' standard . . . to a judge-imagined abstraction," it left too much uncertainty about how much risk is required for a crime to be classified as violent. Id. at 2558.

The statute at issue in Mr. Kundo's case is similar, but not the same. Its risk-of-force clause defines a "crime of violence" as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). We have recently applied Johnson to invalidate the application of an identically-worded definition of "crime of violence" in 18 U.S.C. § 16(b). See Golicov v. Lynch, 837 F.3d 1065, 1075 (10th Cir. 2016).

Relying on our decision in Golicov, Mr. Kundo contends that "the result here must be the same." Aplt. Br. at 7. But the threshold timeliness question is

not whether this court should (or one day will) extend its ruling in Golicov to § 924(c)(3)(B), but whether the Supreme Court itself has recognized the right on which Mr. Kundo relies. We do not think the Supreme Court's decision in Johnson dictates the answer here.

Indeed, when confronted with the same question on direct appeal, the majority of our sister circuits have expressly held that § 924(c)(3)(B) is not unconstitutionally vague following Johnson. See Ovalles v. United States, — F.3d —, No. 17-10172, 2017 WL 2829371, at *1 (11th Cir. June 30, 2017); United States v. Prickett, 839 F.3d 697, 699–700 (8th Cir. 2016) (per curiam); United States v. Hill, 832 F.3d 135, 145–50 (2d Cir. 2016); United States v. Taylor, 814 F.3d 340, 375–79 (6th Cir. 2016); see also United States v. Davis, — F. App'x —, No. 16-10330, 2017 WL 436037, at *2 (5th Cir. Jan. 31, 2017) (per curiam) (unpublished); United States v. Graham, 824 F.3d 421, 424 n.1 (4th Cir. 2016) (en banc) (rejecting vagueness challenge under plain error review). But see United States v. Cardena, 842 F.3d 959, 995–96 (7th Cir. 2016) (holding § 924(c)(3)(B) unconstitutionally vague). They did so because "§ 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in Johnson, and because much of Johnson's analysis does not apply to § 924(c)(3)(B)." Taylor, 814 F.3d at 375–76; see also United States v. Serafin, 562 F.3d 1105, 1108–09 (10th Cir. 2009) (recognizing that § 924(c) is narrower in scope than the ACCA's residual clause). Moreover, in striking down § 16(b) as unconstitutionally vague,

the Sixth Circuit distinguished § 924(c)(3)(B) from the Johnson orbit because, "[a]s the Johnson Court determined, no doubt should be cast upon laws [like § 924(c)(3)(B)] that apply a qualitative risk standard to 'real-world facts or statutory elements.'" Shuti v. Lynch, 828 F.3d 440, 449 (6th Cir. 2016) (emphasis omitted) (quoting Johnson, 135 S. Ct. at 2557).

Whether or not this court ultimately decides to follow the majority of our sister circuits and directly uphold the constitutionality of § 924(c)(3)(B) is a question we may one day answer on direct appeal. But because it is not "apparent to all reasonable jurists" that Johnson requires a contrary result, we decline to reach that question today. Mr. Kundo relies on a new right the Supreme Court has not yet recognized, and accordingly the re-starting of the one-year limitation period provided by 28 U.S.C. § 2255(f)(3) does not apply.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge