[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11031
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00015-CEH-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN SHANE SNEED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 1, 2017)

Before MARCUS, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

After a jury trial, Bryan Shane Sneed was convicted of attempted sexual enticement of a minor, in violation of 18 U.S.C. § 2422(b), and possession of a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c).   The "crime of violence" Sneed possessed a firearm during and in relation to was the § 2422(b) enticement offense.  The sole issue before us—raised for the first time on appeal—is whether the § 2422(b) offense qualifies as a "crime of violence" as defined in § 924(c)(3)(B).[1]   And that issue, in turn, depends on whether § 924(c)(3)(B)'s definition of "crime of violence" is unconstitutionally vague under the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015).  Because we recently held that § 924(c)(3)(B) was not unconstitutionally vague under *Johnson*, we affirm.  *See Ovalles v. United States*, No. 17-10172, manuscript op., (11th Cir. June 30, 2017).

We generally review constitutional challenges to a statute *de novo*.  *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009).  Arguments raised for the first time on appeal in a criminal case, however, are reviewed for plain error only. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).  "To find plain error, there must be: (1) error, (2) that is plain, and (3) that has affected the defendant's substantial rights."  *United States v. Hesser*, 800 F.3d 1310, 1324 (11th

---

[1] Sneed's brief mistakenly cites to 18 U.S.C. § 16 for the definition of "crime of violence."  No matter.  Section 16 and § 924(c)(3) define "crime of violence" in materially identical terms.  Accordingly, we construe Sneed's brief as challenging the definition in § 924(c).

Cir. 2015) (quoting other sources).  If those three conditions are met, we may exercise our discretion to correct the error, "but only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).  "An error is plain if it is obvious and clear under current law[,]" *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006), which is determined at the time the case is reviewed on appeal, *United States v. Pantle*, 637 F.3d 1172, 1175 (11th Cir. 2011).  Sneed acknowledges that his current challenge is reviewed for plain error because he did not raise it before the district court.

Section 924(c) provides in part that a defendant who uses or carries a firearm "during and in relation to any crime of violence . . . shall, in addition to the punishment provided for such crime of violence[,] . . .  be sentenced to a term of imprisonment of not less than 5 years."  18 U.S.C. § 924(c)(1)(A).  A "crime of violence" for purposes of a § 924(c) offense means a felony offense that

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).

At Sneed's trial in this case, the district court instructed the jury as a matter of law that the § 2422(b) offense qualified as a "crime of violence" for purposes of

3

the § 924(c) offense.  Though not directly challenged by Sneed, that instruction appears to accurately reflect the law of this Circuit.

Specifically, in *United States v. Keelan*, 786 F.3d 865 (11th Cir. 2015), we held that § 2422(b) is categorically a "crime of violence" under 18 U.S.C. § 16(b). *Id.* at 870–72.  We explained, "Since the conduct encompassed by the elements of § 2422(b) involves a sex crime against a minor, the ordinary or generic violation of § 2422(b) involves a substantial risk the defendant may use physical force in the course of committing the offense."  *Id.* at 872; *see also United States v. Searcy*, 418 F.3d 1193, 1196 (11th Cir. 2005) (holding, for the same reason, that § 2422(b) is a "crime of violence" under § 4B1.2(a)(2) of the Sentencing Guidelines). Because § 16(b)'s definition of "crime of violence" is nearly identical to that of § 924(c)(3)(B), "§ 2422(b) is a crime of violence under [§ 924(c)(3)(B)]."  *Keelan*, 786 F.3d at 872.

Of course, § 924(c)(3)(B) could not make § 2422(b) a "crime of violence" if, as Sneed contends, it is void for vagueness under *Johnson*.[2]  In *Johnson*, the Supreme Court invalidated the Armed Career Criminal Act's ("ACCA") "residual clause" as unconstitutionally vague.  The ACCA operates to increase a defendant's minimum prison term when the defendant has three or more earlier convictions for a "serious drug offense" or a "violent felony."  *See* 18 U.S.C. § 924(e)(1).  The

---

[2] As *Keelan* notes, "physical force is not an element of § 2422(b)," so it does not qualify under either § 16(a) or § 924(c)(3)(A).  *See* 786 F.3d at 870 n.3.

residual clause defined a "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

According to the Supreme Court, "[t]wo features of the residual clause conspire[d] to make it unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557. First, the clause left "grave uncertainty about how to estimate the risk posed by a crime," because it tied the assessment of risk to an abstract "'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* And second, the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony," particularly since it "force[d] courts to interpret 'serious potential risk' in light of the four enumerated crimes"—burglary, arson, extortion, and crimes involving the use of explosives—which posed varying degrees of risk. *Id.* at 2558 (quotation marks omitted). These two features combined to "produce[] more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* The Court also cited, as additional evidence of the clause's "hopeless indeterminacy," its own "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause," as well as the similar failures of lower courts. *See id.* at 2558–60.

Until recently, it was an open question in this Circuit whether § 924(c)(3)(B) was unconstitutionally vague under *Johnson*. Other Circuits are divided on the

question.  *Compare United States v. Prickett*, 839 F3d 697, 699–700 (8th Cir. 2016) (*Johnson* does not apply to or invalidate § 924(c)(3)(B)); *United States v. Hill*, 832 F.3d 135 (145–49) (2d Cir. 2016) (same); *United States v. Taylor*, 814 F.3d 340, 375–79 (6th Cir. 2016) (same); *with United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (*Johnson* invalidated § 924(c)(3)(B)).  And the Supreme Court has not applied *Johnson* to § 924(c)(3)(B) or to the nearly identical § 16(b). Sneed could not have established plain error in these circumstances.  *See United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) ("We have also held that where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue.").

A panel of this Court has now held that *Johnson* does not apply to or invalidate § 924(c)(3)(B).  *Ovalles*, manuscript op. at 17, 20.  In *Ovalles*, the panel agreed with the decisions of the Second, Sixth, and Eight Circuits that there were "significant material textual differences" between the definition of "crime of violence" in § 924(c)(3)(B) and the residual-clause definition of "violent felony" in the ACCA's § 924(e)(2)(B).  *See id.* at 13–17.  And the panel concluded that the textual features of § 924(c) "make the analysis substantially more precise, predictable, and judicially administrable" than the residual clause of the ACCA. *Id.* at 19–20.  Accordingly, *Ovalles* forecloses Sneed's challenge to § 924(c)(3)(B).

**AFFIRMED.**

6