**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDWARD NATHAN WING,

    Defendant - Appellant.

No. 17-1007
(D.C. Nos. 1:16-CV-01219-WJM
and 1:06-CR-00226-WJM-1)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **McKAY**, and **KELLY**, Circuit Judges.
_____

Through a 28 U.S.C. § 2255 motion, Edward Nathan Wing contests his

sentence stemming from a 2006 conviction for discharging a firearm during and in

relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The

offense of assaulting a federal law enforcement officer with a deadly or dangerous

weapon, in violation of 18 U.S.C. § 111(a) and (b), served as the crime of violence

underlying Mr. Wing's § 924(c)(1)(A)(iii) conviction. The district court denied

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

habeas relief but granted a certificate of appealability on the issue of whether Mr. Wing's "sentence was unconstitutionally enhanced by [the district court's] holding that his conviction under 18 U.S.C. § 111 constituted a crime of violence as defined by 18 U.S.C. § 924(c)(3)(A)." ROA at 110. Pending before this court is Mr. Wing's unopposed motion to expand the certificate of appealability to include a challenge to the constitutionality of his § 924(c)(1)(A)(iii) conviction. On appeal, Mr. Wing argues that his § 111(b) offense no longer qualifies as a "crime of violence" for purposes of § 924(c). While we grant Mr. Wing's unopposed motion to expand the certificate of appealability, two independent reasons cause us to affirm the district court's denial of habeas relief. First, Mr. Wing's habeas motion is untimely under 28 U.S.C. § 2255(f). Second, consistent with recent precedent, a § 111 offense qualifies as a crime of violence under § 924(c)(3)(A).

## I.    PROCEDURAL HISTORY

In 2006, Mr. Wing pleaded guilty to assaulting a federal law enforcement officer with a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a) and (b), and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The § 924(c)(1)(A)(iii) conviction was premised on Mr. Wing's § 111 offense qualifying as a crime of violence. The district court sentenced Mr. Wing to 120 months' imprisonment on the § 924(c)(1)(A)(iii) conviction, to run consecutive to a 27-month sentence on the § 111 conviction.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, holding that the residual clause of the definition of "violent felony" found in 18

U.S.C. § 924(e)(2)(B)(ii), a provision of the Armed Career Criminal Act ("ACCA"), was unconstitutionally vague and could not be relied on to enhance a defendant's sentence. 135 S. Ct. 2551, 2557–58, 2563 (2015). Subsequently, the Supreme Court determined *Johnson* announced a new rule of constitutional law that applied retroactively for purposes of collateral review under 28 U.S.C. § 2255. *Welch v. United States*, 136 S. Ct. 1257 (2016). On May 22, 2016, within one year of the Supreme Court's decision in *Johnson*, Mr. Wing filed the § 2255 motion that is the subject of this appeal. Mr. Wing advanced a three-step argument for vacating his § 924(c)(1)(A)(iii) conviction: (1) the reasoning in *Johnson* compels the conclusion that the definition of "crime of violence" in § 924(c)(3)(B) is unconstitutionally vague; (2) a § 111 offense does not categorically involve a sufficient degree of actual or threatened force to qualify as a crime of violence under § 924(c)(3)(A); and (3) therefore, his § 111 offense does not qualify as a crime of violence under either definitional clause in § 924(c)(3). In response, the Government argued that (1) Mr. Wing's § 2255 motion was untimely because *Johnson* only addressed the constitutionality of § 924(e)(2)(B)(ii) and did not invalidate § 924(c)(3)(B); and (2) a § 111 offense involves sufficient force to qualify as a crime of violence under § 924(c)(3)(A) such that it is unnecessary to resolve Mr. Wing's constitutional challenge to § 924(c)(3)(B).

The district court concluded that Mr. Wing "was convicted not only under § 111(a), but under the aggravated offense provision, § 111(b), which requires as an element not only that [Mr.] Wing acted 'forcibly' but also that he used a deadly or

dangerous weapon in doing so." *United States v. Wing*, 2016 WL 6803695, at \*6 (D. Colo. Nov. 17, 2016). The district court employed the categorical approach and analyzed the degree of force necessary to commit a § 111(b) offense, concluding that the minimum level of actual or threatened force was sufficient for the offense to qualify as a crime of violence under § 924(c)(3)(A). In so holding, the district court denied habeas relief without addressing the Government's timeliness argument. The district court, however, granted a certificate of appealability "on the question of whether [Mr.] Wing's sentence was unconstitutionally enhanced by [the district court's] holding that his conviction under 18 U.S.C. § 111 constituted a crime of violence as defined by 18 U.S.C. § 924(c)(3)(A)." ROA at 110.

On appeal, Mr. Wing and the government advance the arguments that they presented below. Mr. Wing acknowledges that, to prevail, he must demonstrate *both* that § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson and* that his § 111 conviction is not a crime of violence under § 924(c)(3)(A).

## II. ANALYSIS

### A. *Standard of Review*

"We review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017). A district court's determination that an offense qualifies as a crime of violence for purposes of § 924(c) is a legal conclusion we review de novo. *United States v. Serafin*, 562 F.3d 1105, 1107 (10th Cir. 2009). Finally, "[w]e are not bound by the district court's reasoning and may affirm on any ground adequately supported

4

by the record." *United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018); *see*

*Grossman v. Bruce*, 447 F.3d 801, 805 n.2 (10th Cir. 2006) ("[W]e are free to affirm

[the denial of habeas relief] on any ground for which there is a sufficient record to

permit conclusions of law.").

**B.** *Timeliness*

Although the district court did not evaluate the timeliness of Mr. Wing's

§ 2255 motion, the Government raised the timeliness issue below and renewed its

timeliness argument on appeal. Based on the record, we conclude Mr. Wing's § 2255

motion is untimely. Section 2255(f) of Title 28 establishes a one-year limitations

period for filing a § 2255 motion, and the one-year limitations period commences

> from the latest of –

>> (1) the date on which the judgment of conviction becomes final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pointing to the new right recognized in *Johnson*, Mr. Wing attempts to rely on

subsection (f)(3) to establish the start date of the one-year limitations period. In

relying on subsection (f)(3), Mr. Wing argues that the reasoning of *Johnson* relative

5

to the residual clause in § 924(e)(2)(B)(ii) compels the conclusion that similarly worded language found in § 924(c)(3)(B) is also unconstitutionally vague.

For purposes of determining whether a § 2255 motion is timely, our precedent forecloses Mr. Wing's attempt to graft the reasoning advanced in *Johnson* onto a provision outside of § 924(e) and the ACCA. In *Greer*, we grappled with the issue of whether a habeas movant could rely on *Johnson* to establish the timeliness of a § 2255 motion challenging a provision of the United States Sentencing Guidelines.[1] 881 F.3d at 1243, 1245–48. Although we acknowledged that the provision Mr. Greer challenged and the provision invalidated in *Johnson* were "identically worded," we concluded Mr. Greer could not rely on *Johnson* and § 2255(f)(3) to establish the timeliness of his habeas motion. *Id.* Noting the strict limits placed on § 2255 collateral review by the Antiterrorism and Effective Death Penalty Act, we reasoned that because the Supreme Court in *Johnson* specifically limited its holding to the residual clause of § 924(e)(2)(B)(ii), *Johnson* did not recognize a right regarding the Guidelines provision Mr. Greer challenged. *Id.* at 1247. Thus, we concluded that "Mr. Greer ha[d] not asserted a right recognized by the Supreme Court because Mr. Greer ha[d] not asserted that [an] 'ACCA sentence' is no longer valid under *Johnson*." *Id.*

Like Mr. Greer, Mr. Wing attempts, through a § 2255 motion, to apply *Johnson* to a provision outside of the ACCA. *Cf. Mathis v. United States*, 136 S. Ct.

---

[1] Mr. Greer was sentenced when the Sentencing Guidelines were mandatory; thus his *Johnson*-based argument was not foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). *United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018).

6

2243, 2247 (2016) (identifying ACCA as 18 U.S.C. § 924(e)). The rationale underlying our decision in *Greer* is even stronger in Mr. Wing's case because the provision of § 924(c)(3)(B) that Mr. Wing challenges is merely similar, rather than identical, to the provision invalidated in *Johnson*. Specifically, the provision at issue in *Johnson* defined "violent felony" to include an offense that "'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). Likewise, the Guidelines provision Mr. Greer challenged defined "crime of violence" to include an offense that "'involves conduct that presents a serious potential risk of physical injury to another.'" *Greer*, 881 F.3d at 1243 (quoting U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.2(a)). Meanwhile, the provision against which Mr. Wing seeks to advance a *Johnson*-based challenge defines "crime of violence" as an offense that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

Given the textual difference between §§ 924(e)(2)(B)(ii) and (c)(3)(B) and the limited scope of the holding in *Johnson*, *Johnson* does not compel the conclusion that § 924(c)(3)(B) is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563 (confining holding to § 924(e)(2)(B)(ii) and stating "[t]oday's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony"). In fact, based on the textual difference, as well as differences in how courts have historically interpreted and applied the two distinct provisions, several circuit courts, since *Johnson*, have

7

upheld the constitutionality of § 924(c)(3)(B). *See United States v. Hill*, 832 F.3d 135, 145–49 (2d Cir. 2016) (concluding that concerns underlying holding in *Johnson* were not present in § 924(c)(3)(B) and that § 924(c)(3)(B) is not void for vagueness); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (concluding that language of § 924(c)(3)(B) is "distinctly narrower" than § 924(e)(2)(B)(ii), observing that courts have not struggled to define and apply § 924(c)(3)(B) in the way courts "repeated[ly] . . . fail[ed] to craft a principled and objective standard" for applying the residual clause of § 924(e)(2)(B)(ii), and rejecting *Johnson*-based challenge to § 924(c)(3)(B) (quotation marks omitted)).[2] From this, it follows that *Johnson* did not recognize a new right relative to § 924(c)(3)(B).[3] Therefore, Mr. Wing's attempt to rely on § 2255(f)(3) to establish the timeliness of his habeas motion fails, and the untimeliness of his habeas motion provides sufficient grounds to affirm the district court's denial of relief.

### C.   *Crime of Violence Under § 924(c)(3)(A)*

Even if, however, Mr. Wing could rely on § 2255(f)(3) to establish that his habeas motion was timely, we would affirm the district court's denial of relief

[2] *See also United States v. St. Hubert*, 883 F.3d 1319, 1324 (11th Cir. 2018) (rejecting *Johnson*-based challenge to § 924(c)(3)(B)); *United States v. Eshetu*, 863 F.3d 946, 953–56 (D.C. Cir. 2017) (same); *United States v. Jones*, 854 F.3d 737, 739–40 (5th Cir. 2017) (same); *United States v. Prickett*, 839 F.3d 697, 699–700 (8th Cir. 2016) (per curiam) (relying on *Taylor* to reject *Johnson*-based challenge to § 924(c)(3)(B)).

[3] Because we conclude that *Johnson* did not recognize a new right relative to § 924(c)(3)(B), the limited nature of collateral review prevents us from considering whether § 924(c)(3)(B) is unconstitutionally vague. This question is properly left for another case that comes to us by way of a direct appeal from a § 924(c) conviction.

because Mr. Wing's habeas motion fails on the merits. Mr. Wing concedes that his § 111 conviction arose under both subsection (a) and (b) of that provision, so we adopt that conclusion when performing our analysis. If a conviction under § 111(b) qualifies as a "crime of violence" under § 924(c)(3)(A), then the constitutionality of § 924(c)(3)(B) is immaterial to whether a § 111(b) offense qualifies as a "crime of violence."

Section 924(c)(3)(A) of Title 18 defines "crime of violence" to include a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." We have recently held that a § 111(b) offense qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a) because a § 111(b) offense categorically entails the actual or threatened use of violent physical force regardless of the specific means employed by a given defendant when committing the offense. *United States v. Kendall*, 876 F.3d 1264, 1270–71 (10th Cir. 2017). And, in light of the fact that § 924(c)(3)(A) and U.S.S.G. § 4B1.2(a) both define "crime of violence" to include a felony offense involving the actual or threatened use of physical force, our precedent in *Kendall* guides our conclusion that a § 111(b) offense qualifies as a crime of violence under § 924(c)(3)(A). Therefore, even if Mr. Wing could establish that his habeas motion was timely and that *Johnson* compelled the conclusion that § 924(c)(3)(B) is unconstitutionally vague, Mr. Wing's motion still fails on the merits.

### III. CONCLUSION

Although we **GRANT** Mr. Wing's motion to expand the certificate of appealability to include a challenge to his § 924(c)(1)(A)(iii) conviction rather than just a challenge to his sentence, we **AFFIRM** the district court's denial of relief. First, Mr. Wing fails to establish that his § 2255 motion is timely. Separately, even if Mr. Wing could establish that his § 2255 motion was timely, his motion lacks merit because the § 111(b) offense underlying his § 924(c)(1)(A)(iii) conviction categorically qualifies as a crime of violence under § 924(c)(3)(A).

Entered for the Court

Carolyn B. McHugh
Circuit Judge

10