# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-2616

———————————————

Damitrius Creighton,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: May 17, 2019
Filed: August 14, 2019
[Unpublished]

——————————

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Damitrius Creighton pleaded guilty to conspiracy to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), and possession of a firearm in furtherance of a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced him to seventy-two months' imprisonment: twelve months for the robbery conspiracy (after a downward departure under the sentencing guidelines) and sixty months for the

firearms offense. Creighton later moved to vacate his sentence under 28 U.S.C. § 2255. Citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), Creighton argued that his conviction under § 924(c) was invalid because the definition of "crime of violence" in § 924(c)(3)(B) was unconstitutionally vague. The district court denied the motion based on Eighth Circuit precedent. *See United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016), *cert. denied*, 138 S. Ct. 1976 (2018). Creighton appeals.

While this appeal was pending, the Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), that § 924(c)(3)(B) is unconstitutionally vague. In the wake of *Davis*, the government has affirmatively waived all defenses to Creighton's motion based on waiver or procedural default. Because *Davis* superseded *Prickett* and undermined the only basis for the district court's ruling, we vacate the judgment and remand the case for further proceedings.

_____