# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1604

_____

United States of America,          *
                                   *
            Plaintiff - Appellee,  *
                                   *   Appeal from the United States
      v.                           *   District Court for the Eastern
                                   *   District of Missouri.
Kerron Rhone,                      *
                                   *
            Defendant - Appellant. *

_____

Submitted:  September 13, 2002

Filed:  November 25, 2002

_____

Before LOKEN, RILEY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Kerron Rhone seeks reversal of the District Court's denial of his request for a downward departure from the Sentencing Guidelines.  Rhone pled guilty to possession of a firearm in violation of 18 U.S.C. ' 922(g). Prior to sentencing, Rhone urged the District Court[1] to grant a downward departure from the Sentencing Guidelines pursuant to U.S.S.G. ' 5K2.0 based upon equitable considerations. Specifically, he maintained that he should be credited for three years incarceration

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

previously served for an unrelated prior conviction, which had been subsequently vacated. Rhone contends that the Sentencing Commission, in promulgating the Guidelines, did not consider circumstances of a defendant serving time on a vacated sentence; thus, his case should fall outside the Aheartland@ of the Guidelines. The District Court acknowledged Rhone=s equitable argument, but refused to depart downward. The District Court sentenced him to fifty-seven months' imprisonment, the bottom of the Guidelines range. We dismiss the appeal for lack of jurisdiction.

A sentencing court has discretion to depart from the applicable Guidelines range when a case involves an Aaggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.@ 18 U.S.C. ' 3553(b); *see also Koon v. United States,* 518 U.S. 81 (1996) (stating that the District Court must decide whether the factor is sufficient to take the case out of the Guideline=s heartland). In applying its discretion, if the District Court determines that the Sentencing Commission adequately considered a defendant=s circumstance, then no downward departure is warranted.

As a preliminary matter, we must decide whether the District Court recognized its authority to downwardly depart from the Guidelines. This matter is properly before us only if Rhone establishes that the District Court erroneously determined that it did not have the authority to depart under Section 5K2.0. Our precedent on this point is clear. If the District Court correctly Aunderstood its authority to depart downward, but declined to do so in the circumstances presented, its decision not to exercise its authority is unreviewable@ on appeal, absent an unconstitutional motive. *United States v. Saelee,* 123 F.3d 1024, 1025-26 (8th Cir. 1997).

In an attempt to avoid a readily foreseeable procedural bar to appellate review, Rhone employed an argument tactic that we find unappealing and unavailing. At his sentencing hearing, Rhone requested that the District Court either grant an equitable

downward departure or deny its ability to do so. The following excerpts from the sentencing transcript reflect the nature and substance of Rhone=s argument at sentencing:

Rhone=s counsel:

> [I]f you are uncertain as to whether or not you can do this and decide not to do it, I would ask you not - not to say, AI think I have the power to do this and I chose not to.@ At least let me get to the Court of Appeals on the issue because I B it=s not appealable if you recognize you have the authority to depart and chose not to.  So first and foremost, we would like you to depart downward.  If you chose not do that, we would ask that we have an opportunity to present this to the Court of Appeals.

The District Court:

> [Your position had] certainly an attractive argument here, but I think [the Assistant U.S. Attorney] hit on the issue that does trouble B is that we=re not dealing with the same conviction.  We=re dealing with this, you know, credit on future transgressions.  And the problem I have here is that Mr. Rhone seems to have difficulties with these firearms convictions, and I=m not sure it's very neat symmetry even though B if you want to make it into an equity argument, well you can articulate that.  So, I=m going to deny any downward departure on this.  And I will sentence within the Guideline range that=s been determined with respect to the calculation for this particular offense, and if there should be read into the Guidelines some sort of equitable argument, I think that=s going to have to either come from Congress or at least, in my case, the Eighth Circuit.

Rhone maintains that the District Court declined to decide whether or not it had authority to depart from the sentencing guidelines. We disagree. The record

adequately reflects that the District Court knew of its discretion and ability to apply it to the facts and circumstances of this case. For example, the District Court acknowledged: 1) the attractiveness of Rhone≡s equitable argument; 2) the serial nature of Rhone≡s firearm convictions; and 3) public policy concerns relating to serial criminals being allowed to, in essence, Abank@ time for future transgressions. Also noteworthy is the omission of any statement from the District Court that indicates its inability to downwardly depart, despite Rhone≡s blunt solicitation for just such a declaration.

For the foregoing reasons, we conclude that the District Court understood its discretion, but chose not to use it in a manner consistent with Rhone≡s preferences. Accordingly, this appeal is dismissed for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.