# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3943

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Michael James Almquist, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 6, 2004
Filed: August 13, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Michael James Almquist (Almquist) pled guilty to misuse by a representative payee of benefits under Title II of the Social Security Act, in violation of 42 U.S.C. § 408(a)(5). The district court[1] declined to depart downward from the Sentencing Guidelines, and sentenced Almquist to three years supervised probation with six months home confinement. For reversal, Almquist argues the district court incorrectly concluded it had no authority to depart downward.

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

After carefully reviewing the record, and in particular the remarks made by the district court during the sentencing hearing, we conclude the court was fully aware of its authority to depart downward in a case falling outside the heartland of sentencing cases, and simply declined to do so given the facts in this case. See United States v. VanHouten, 307 F.3d 693, 696-97 (8th Cir. 2002); United States v. Bieri, 21 F.3d 811, 817-18 (8th Cir. 1994). Thus, we conclude the district court made a discretionary decision not to depart downward, which is unreviewable. See United States v. Rhone, 311 F.3d 893, 894 (8th Cir. 2002), cert. denied, 538 U.S. 1051 (2003).

Accordingly, we affirm. We deny as moot Almquist's motion for stay of sentence.

_____