# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1016
_____

United States of America

*Plaintiff - Appellee*

v.

Pradis Lee Benton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

_____

Submitted: November 12, 2018
Filed: March 25, 2019
[Published]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Pradis Lee Benton pleaded guilty to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court[1] determined that Benton qualified as a career offender

_____

[1]The Honorable Susan O. Hickey, Chief Judge of the United States District Court for the Western District of Arkansas.

under United States Sentencing Guidelines § 4B1.1(a) based on two prior convictions: a 2009 Arkansas conviction for possession of marijuana with intent to deliver and a 2012 Louisiana conviction for possession of cocaine with intent to distribute. As a result, Benton's advisory Guidelines range was 151 to 188 months of imprisonment, and the district court imposed a sentence of 180 months. Benton now appeals the career offender designation.

Under USSG § 4B1.1(a), a "career offender" is a defendant (1) whose "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and (2) who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Benton's only argument on appeal is that his 2012 Louisiana conviction does not qualify as a controlled substance offense. Because Benton did not object to the career offender designation at sentencing, we review for plain error. See United States v. Callaway, 762 F.3d 754, 759 (8th Cir. 2014). Thus, we will affirm Benton's sentence unless he can show (1) an error; (2) that is plain; (3) that affects his substantial rights; and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Boman, 873 F.3d 1035, 1040 (8th Cir. 2017) (cleaned up).

The Guidelines define a controlled substance offense as, among other things, one that prohibits the possession of a controlled substance with intent to distribute. See USSG § 4B1.2(b). The presentence report (PSR), to which neither party objected in relevant part, identified Benton's 2012 Louisiana conviction as one for possession of cocaine with intent to distribute, specifically: "Possession with Intent to Distribute Schedule II - Cocaine (over 28 grams)." This offense, as described, would qualify as a controlled substance offense for purposes of the Guidelines. See La. R.S. § 40:967(A)(1).

On appeal, however, Benton seizes on the parenthetical "over 28 grams" to argue that he must have, instead, been convicted of mere possession under Louisiana Revised Statutes § 40:967(F)(1)(a), which at that time prohibited "knowingly or

intentionally possess[ing] twenty-eight grams or more, but less than two hundred grams, of cocaine." Based on this language, Benton asserts that "the language of the statute makes clear it was actually only a possession offense," and that the PSR "incorrectly identified" his Louisiana conviction as one for "possession with intent to distribute."

On plain error review, we disagree. It is true that the subsection for possesion with intent to distribute cocaine does not identify drug quantities. See La. R.S. § 40:967(A)(1) (prohibiting the possession of cocaine "with intent to produce, manufacture, distribute, or dispense"). But Benton's prior conviction was identified as one for "possession with intent to distribute," albeit with a quantity identified. Without the underlying Louisiana court documents—which are not in the record—we cannot say that any error that Benton now asserts occurred was "plain." On this record, it is no more likely that he was convicted of simple possession of cocaine than it is that he was convicted of possession of cocaine with intent to distribute. See United States v. Roy, 408 F.3d 484, 495 (8th Cir. 2005) ("Because it is not obvious that the district court committed any error at all, and is in fact equally plausible that the district court committed no error, [the defendant] is not entitled to relief [under plain error review].").

Benton also suggests that the district court erred by failing to inquire into Benton's precise offense of conviction. But the description of the conviction in the PSR appeared to fit neatly into the Guidelines' definition of controlled substance offense, and Benton did not dispute that description. In the absence of controlling precedent requiring district courts to *sua sponte* confirm the accuracy of the PSR's description of the defendant's prior convictions, we cannot say that the district court's failure to inquire into the Louisiana conviction was clearly or obviously wrong. Cf. United States v. Arrieta-Buendia, 372 F.3d 953, 955–56 (8th Cir. 2004) (concluding that a defendant's failure to object to "the PSR's specific factual characterization of his . . . conviction as a drug trafficking offense [was] dispositive of [his] appeal").

-3-

The government concedes that if Benton was convicted under Louisiana Revised Statutes § 40:967(F)(1)(a), rather than § 40:967(A)(1), he "is indeed ineligible for the career offender enhancement" and that "it would be an injustice for him to have been sentenced as one." And if Benton does not qualify for the career offender enhancement, the government "would stipulate" that his trial counsel's unreasonable failure to challenge to Louisiana conviction at sentencing "denied Benton the right to counsel guaranteed by the Sixth Amendment." Perhaps Benton is entitled to relief. But that relief cannot be had on direct appeal, where our review is limited to the record established in the district court.

Accordingly, the judgment of the district court is affirmed.

_____