# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1513

_____

United States of America

*Plaintiff - Appellee*

v.

Jerry Dean Love

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 27, 2019
Filed: December 4, 2019
[Unpublished]

_____

Before COLLOTON, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jerry Love appeals after he pled guilty to a drug offense and a firearm offense, and the district court[1] sentenced him to a prison term within the advisory range under

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

the United States Sentencing Guidelines Manual. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court erred in designating Love a career offender, denying his request for a downward departure, and imposing a substantively unreasonable sentence.

We conclude the district court did not plainly err in designating Love a career offender based on his prior federal conviction for a controlled substance offense and his prior Iowa conviction for terrorism. *See United States v. Benton*, 918 F.3d 994, 996 (8th Cir. 2019) (per curiam) (standard of review); *see also* U.S.S.G. §§ 4B1.1(a) (providing a defendant is a career offender if at least eighteen years old with at least two prior felony convictions for either a crime of violence or a controlled substance offense, and the instant offense is a felony controlled substance offense), 4B1.2(a) (providing an offense is a crime of violence if, inter alia, it "has as an element the use, attempted use, or threatened use of physical force against the person of another"); *cf. United States v. Langston*, 772 F.3d 560, 562-63 (8th Cir. 2014) (per curiam) (Iowa terrorism conviction qualified as a violent felony under the Armed Career Criminal Act because "any violation necessarily requires violent force."), *vacated on other grounds*, 135 S. Ct. 2936 (2015).

Further, we note the denial of Love's request for a downward departure is not reviewable, given that the district court understood its authority to depart, but declined to do so on the facts presented. *See United States v. Rhone*, 311 F.3d 893, 894 (8th Cir. 2002) (noting if district court understands its authority to depart, but declines to do so on the facts presented, its decision not to depart is unreviewable absent unconstitutional motive).

We also conclude the district court did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en

banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness).

In addition, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

———————————————