# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2022

Lyle W. Cayce
Clerk

No. 21-51147
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jaworski Welcome,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1799-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Appellant Jaworski Welcome appeals his criminal sentence, challenging the district court's finding that Welcome was a career offender under U.S.S.G. § 4B1.1. He argues that the record does not establish that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51147

two prior offenses are controlled substance offenses for purposes of U.S.S.G. § 4B1.1. We disagree and affirm.

## I.

Jaworski Welcome was arrested in July 2020, with approximately 150 grams of methamphetamine. In August 2020, he was charged in a single count indictment with violation of 21 U.S.C. § 841 for possession with intent to distribute 50 grams or more of a controlled substance.[1] He pleaded guilty to the indictment.

For sentencing, the Presentence Investigation Report ("PSR") established a base offense level of 30 based on the amount of methamphetamine and deemed Welcome a career offender because he "has at least two prior felony convictions of . . . a controlled substance offense," which added four points to his offense level. The PSR pointed to two Louisiana convictions: a 1999 conviction for drug racketeering and a 2004 conviction for possession with intent to distribute cocaine.

Based on the PSR, Welcome's guideline sentence range was 188 to 235 months. Welcome filed objections as well as a motion for downward departure and for variance from the guideline range. Welcome's objection at issue on appeal states that the PSR "does not include an arrest report [of the drug-racketeering conviction], therefore, defense counsel was unable to determine which narcotic was involved in the offense. Therefore, counsel reports that the prior conviction cannot qualify as a 'controlled substance offense' under the career offender guideline." In response, the government

---

[1] Count one of the indictment charged Welcome with violating 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). Section 841(a)(1) makes it "unlawful for any person knowingly or intentionally . . . [to] possess with intent to manufacture, distribute, or dispense, a controlled substance." Section 841(b)(1)(B)(viii) details the penalties associated "50 grams or more of methamphetamine."

provided the drug racketeering indictment that specified cocaine as the controlled substance, and at the sentencing hearing, the district court found the "career offender designation" sufficiently supported. The district court then sentenced Welcome to a below-guideline sentence of 140 months. Welcome timely appeals.

## II.

Welcome argues that the district court erred by applying the career-offender enhancement because the record does not demonstrate that Welcome was convicted of at least two controlled substance offenses.[2] Specifically, Welcome contends that the district court erred in finding Welcome a career offender because the record (1) does not contain a judgment for the drug-racketeering conviction and (2) contains no more than the PSR for the possession-with-intent-to-distribute conviction.

First, because Welcome objected to the use of the drug-racketeering conviction as a basis for the career-offender finding, we review this challenge de novo. *United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014). Welcome argues that the documents in the record are insufficient, warranting remand. The record on appeal contains the 1999 indictment (with no cause number) detailing that Welcome "engage[d] in a pattern of drug racketeering activity by engaging in the possession with the intent to distribute cocaine." The record also contains an "Extract from and of the Minutes" of the plea and sentencing hearing for "Drug Racketeering," signed and attested to by the Deputy Clerk of Court as a true and correct copy of the state criminal record. Although the indictment does not contain a cause

---

[2] Accordingly, the only issue on appeal is whether the third prong of U.S.S.G. § 4B1.1(a)—"(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense"—has been satisfied.

No. 21-51147

number, the "Extract and Minutes" details that, after oral motion of the government, the indictment was ordered amended. Describing exactly the same activity as the indictment,[3] the time frame for the alleged activity was changed from 1992-1999 to 1996-1999. After the indictment was amended, Welcome pleaded guilty and was sentenced.

Despite Welcome's contention, to support a career-offender enhancement the record need not contain a formal judgment of conviction. *See United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005) (explaining that courts may "examine documents [that are] conclusive records made or used in adjudicating guilt when characterizing a sentence for enhancement purposes") (citing *Shepard v. United States*, 544 U.S. 13, 16, 19–23 (2005)); *Shepard*, 544 U.S. at 16 (detailing that in the modified categorical approach a court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"). Thus, the relevant documents here, which are "conclusive records," show that Welcome was previously convicted of drug racketeering under § 15:1353 of the Louisiana Revised Statutes.

---

[3] Both the indictment and the Extract and Minutes detail "a pattern of drug racketeering activity by engaging in the possession with intent to distribute cocaine . . . in violation of La. R.S. 15:1351 et seq." Moreover, we need not "reject [a] common-sense inference from the state files [simply] because the Government had the burden at sentencing to produce *Shepard*[-]compliant documents." *United States v. Castellon-Aragon*, 772 F.3d 1023, 1025 (5th Cir. 2014). Below, Welcome simply challenged the lack of specification of the exact substance involved in the drug racketeering conviction; he did not question whether the indictment with no cause number was in fact the charging instrument being amended in the hearing documented by the Extract and Minutes. Thus, we find it a common-sense inference that the indictment in the record is the charging document on which Welcome's 1999 drug-racketeering offense is based.

No. 21-51147

Second, because Welcome did not preserve his challenge to the possession-with-intent-to-distribute conviction,[4] we review this challenge for plain error. *United States v. Benitez*, 809 F.3d 243, 248 (5th Cir. 2015), *cert. denied*, 578 U.S. 938 (2016). Welcome argues that the PSR stands alone as the basis for his 2004 conviction for possession with intent to distribute cocaine. However, in an unopposed motion to supplement the record on appeal, the government submitted a charging document detailing count one as possession with intent to distribute cocaine in violation of Louisiana Revised Statute § 40:967(A)(1), and a plea certificate for "PWID Cocaine" signed by Welcome, his attorney, and the judge with matching cause numbers. We have previously held that conviction under § 40:967(A)(1) qualifies as a controlled substance offense under the sentencing guidelines, and a district court's failure to *sua sponte* inquire about further conviction documents is not plain error. *United States v. Benton*, 918 F.3d 994, 996–97 (5th Cir. 2019). Thus, the district court did not err in applying the career-offender enhancement.

## III.

For the foregoing reasons, we AFFIRM.

---

[4] The objection states that the PSR "does not include an arrest report, therefore, defense counsel was unable to determine which narcotic was involved in the offense. Therefore, counsel reports that the prior conviction cannot qualify as a 'controlled substance offense' under the career offender guideline."