# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3907

_____

United States of America,

*Plaintiff - Appellee,*

v.

Derrick Angelo Harper,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 12, 2017
Filed: August 23, 2017

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Derrick Angelo Harper pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). At sentencing, the district court[1] concluded that Harper was a career offender under USSG § 4B1.1(a), and that he was subject to

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

enhanced punishment under that section of the advisory sentencing guidelines. The court determined that Harper was a career offender because the offense of conviction was a "crime of violence," and his two prior convictions for bank robbery in violation of § 2113(a) were also crimes of violence. The court sentenced Harper to 188 months' imprisonment. Harper argues on appeal that the district court committed procedural error in computing the advisory guideline range, because his bank robbery convictions were not crimes of violence.

A defendant is a career offender if he is convicted of a "crime of violence" and has two prior convictions for crimes of violence. USSG § 4B1.1(a). The guidelines define "crime of violence" in the "force" clause to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). The guideline also enumerates several offenses, including "robbery," that constitute a crime of violence. *Id.* § 4B1.2(a)(2). The government argues that Harper's bank robberies qualify as crimes of violence under both the "force" clause and the enumeration of "robbery."[2]

To determine whether Harper's convictions satisfy the "force" clause, we apply the "categorical approach," and consider only the statutory elements of the offense. *United States v. Roblero-Ramirez*, 716 F.3d 1122, 1125 (8th Cir. 2013). If a statute covers more conduct than the definition of "crime of violence," and "comprises multiple, alternative versions of the crime," then we may apply a "modified categorical approach" to determine which alternative was the offense of conviction.

---

[2]Effective August 2016, the Sentencing Commission amended § 4B1.2(a)(2) to include "robbery" as an enumerated crime of violence; the previous guideline enumerated "robbery" as a crime of violence in the commentary. USSG § 4B1.2, comment. (n.1) (2015). Harper committed the bank robbery here in January 2016, but was sentenced in September 2016, so the amended guideline applies unless its use would violate the *Ex Post Facto* Clause of the Constitution. USSG § 1B1.11(a), (b)(1). Harper's current position is that we should apply the amended guideline.

*Descamps v. United States*, 133 S. Ct. 2276, 2283-84 (2013). The court may "consult a limited class of judicial records to determine under which alternative the defendant was convicted." *United States v. Hudson*, 851 F.3d 807, 809 (8th Cir. 2017).

A person violates 18 U.S.C. § 2113(a) under the first paragraph of the provision if he, "by force and violence, or by intimidation, takes . . . from the person or presence of another, or obtains . . . by extortion any property or money or any other thing of value belonging to . . . any bank." Section 2113(a) contains a second paragraph that proscribes "enter[ing] or attempt[ing] to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny." Harper does not dispute that his three convictions were under the first paragraph. His challenge to the career-offender designation focuses on the first paragraph of § 2113(a) only, and he implicitly concedes that each paragraph of § 2113(a) defines at least one separate crime. *See United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016).

Harper's contention is that "the most innocent conduct penalized under § 2113(a) is 'intimidation,'" and that a violation of § 2113(a) by intimidation does not have, as an element, the use, attempted use, or threatened use of physical force against the person of another. In *United States v. Wright*, 957 F.2d 520 (8th Cir. 1992), however, this court held that robbery by intimidation under § 2113(a) categorically involves the threatened use of force: "Intimidation means the threat of force." *Id.* at 521 (quotation omitted). *Wright* thus controls here unless it has been superseded by an intervening decision of the Supreme Court.

Harper suggests that *Wright* was abrogated by *Elonis v. United States*, 135 S. Ct. 2001 (2015), but we see no inconsistency between the two decisions. *Elonis* held that the crime of transmitting a communication containing a threat under 18 U.S.C. § 875(c) requires proof that the defendant made the communication with the purpose of issuing a threat, or with knowledge that the communication will be viewed as a

threat, or, possibly, with reckless disregard for the likelihood that the communication would be so viewed. *Id.* at 2012-13. Harper reasons that because "intimidation" in § 2113(a) does *not* require proof that the robber intentionally intimidated a victim, *see United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003), robbery by intimidation does not have as an element the threatened use of force. In other words, he seems to contend, "threatened use of force" after *Elonis* requires a specific intent to issue a threat.

*Elonis* did not announce a universal definition of "threat" that always requires the same *mens rea*. To the contrary, the Court observed that "threat," as commonly defined, "speak[s] to what the statement conveys—not to the mental state of the author." 135 S. Ct. at 2008. *Elonis* held only that a certain criminal statute required proof of a particular *mens rea*. The Court did not redefine the phrase "threatened use of force" as it appears in the sentencing guidelines.

Harper also mentions fleetingly the possibility that a person could be intimidated without a robber threatening to use *violent* force—that is, force "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *see United States v. Williams*, 690 F.3d 1056, 1067-68 (8th Cir. 2012). This argument fails because bank robbery by intimidation requires proof that the victim "reasonably could infer a threat of bodily harm" from the robber's acts. *Yockel*, 320 F.3d at 824 (quotation omitted). A threat of bodily harm requires a threat to use violent force because "it is impossible to cause bodily injury without using force 'capable of' producing that result." *United States v. Winston*, 845 F.3d 876, 878 (8th Cir. 2017) (quoting *United States v. Castleman*, 134 S. Ct. 1405, 1416-17 (2014) (Scalia, J., concurring)).

The holding of *Wright* therefore controls: bank robbery by intimidation under § 2113(a) is a crime of violence under the force clause, because it involves a threatened use of force. *See also Allen v. United States*, 836 F.3d 894, 894-95 (8th

Cir. 2016) (per curiam) (holding that bank robbery in violation of § 2113(a) and (e) is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A)).  The district court correctly ruled that Harper qualified as a career offender.  We need not address whether Harper also qualifies as a career offender because § 4B1.2(a)(2) enumerates "robbery" as a crime of violence.  *Cf. United States v. Jenkins*, 651 F. App'x 920, 925 (11th Cir. 2016) (per curiam).

The judgment of the district court is affirmed.

_____