# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3227

_____

United States of America

*Plaintiff - Appellee*

v.

Keeyon M. Dunbar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 1, 2018
Filed: June 8, 2018

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Keeyon Dunbar ("Dunbar") directly appeals the within-Guidelines-range sentence the district court[1] imposed after he pled guilty to being a felon in possession of a firearm. His counsel has moved for leave to withdraw and has filed a brief under

_____

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

*Anders v. California*, 386 U.S. 738 (1967), arguing that the district court erred in calculating Dunbar's base offense level by treating a prior felony bank robbery conviction as a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A) (offense level of 20 applies to unlawful possession of a firearm if the defendant has a prior felony conviction for a crime of violence), and that the sentence is substantively unreasonable.

First, we find no error in the district court's calculation of the Guidelines range, *see United States v. Turner*, 781 F.3d 374, 393 (8th Cir. 2015) (this court reviews the district court's application of Guidelines de novo, and its findings of fact for clear error), as bank robbery is a crime of violence, *see United States v. Harper*, 869 F.3d 624, 626-27 (8th Cir. 2017) (bank robbery is crime of violence under U.S.S.G. § 4B1.2(a)); *United States v. Ossana*, 638 F.3d 895, 898 (8th Cir. 2011) (the term "crime of violence" under § 2K2.1(a)(4)(A) has the same meaning as in § 4B1.2(a)).

In addition, we conclude that the district court did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing reasonableness of sentence under abuse-of-discretion standard); *see also United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence is presumed reasonable).

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 92 (1988), and have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and we affirm.

_____