# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1123

_____

United States of America

*Plaintiff - Appellee*

v.

Peter Alan Lundberg

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 10, 2018
Filed: February 28, 2019
[Unpublished]

_____

Before LOKEN, MELLOY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

On April 20, 2017, Peter Lundberg robbed a bank in Coralville, Iowa of $1,080. Lundberg was later apprehended by authorities and charged by a federal grand jury with one count of bank robbery in violation of 18 U.S.C. § 2113(a). Lundberg pled guilty on September 1, 2017. At the January 8, 2018 sentencing, the

district court[1] classified Lundberg as a career offender due to: (1) his current offense; (2) a 1979 bank robbery conviction; and (3) a 2001 Missouri conviction for robbery in the second degree. See USSG §4B1.1(a). When determining that Lundberg was a career offender, the court found that Missouri robbery in the second degree satisfies the enumerated offense clause of the Guidelines. The resulting sentencing guidelines range was 151–188 months, and the court imposed a sentence of 180 months.

Lundberg appeals, asserting the district court erred in calculating his guidelines range because he should not have been classified as a career offender. Lundberg argues that neither his current offense nor his 1979 bank robbery conviction should count as crimes of violence. Lundberg's argument is foreclosed by our decision in United States v. Harper, 869 F.3d 624, 626–27 (8th Cir. 2017).

We review *de novo* whether Lundberg's Missouri second-degree robbery conviction qualifies as a "crime of violence." United States v. Hall, 877 F.3d 800, 806 (8th Cir. 2017) (citing United States v. Harrison, 809 F.3d 420, 425 (8th Cir. 2015)). We affirm the district court without reaching the question whether Missouri second-degree robbery satisfies the enumerated offense clause, as we have previously held that such a conviction is a "violent felony" under the force clause. United States v. Swopes, 886 F.3d 668, 671 (8th Cir. 2018) (en banc); United States v. Young, 720 F. App'x 803, 805 (8th Cir. 2018) (unpublished per curiam). These views are consistent with the Supreme Court's decision in Stokeling v. United States, which recognized that the common law elements of robbery and the Armed Career Criminal Act's force clause are satisfied through the use of only slight force sufficient to overcome a victim's resistance. 139 S.Ct. 544, 550–54 (2019).

We affirm Lundberg's sentence.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.