# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2550

_____

Derrick Estell,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: April 17, 2019
Filed: June 4, 2019

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Derrick Estell pleaded guilty in 2014 to two counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). In one instance, Estell brandished a gun during a bank robbery; the other involved use

of a gun during a carjacking. The district court[1] sentenced Estell to 384 months' imprisonment.

Estell later moved to vacate his convictions under 28 U.S.C. § 2255, arguing that they were unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). His theory is that neither bank robbery nor carjacking is a "crime of violence" under § 924(c)(3)(B), because the definition of "crime of violence" in that subsection is unconstitutionally vague, so he was not properly convicted of using a firearm during a crime of violence.

The definition of "crime of violence" in § 924(c)(3) includes both a "force clause" and a "residual clause." The "residual clause" encompasses a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). *Johnson* held that a different residual clause in § 924(e)(2)(B) was unconstitutionally vague, and Estell's post-conviction motion urged that the logic of *Johnson* compelled the same conclusion under § 924(c)(3)(B). He also asserted that the bank robbery and carjacking offenses did not qualify as crimes of violence under the force clause of § 924(c)(3)(A), so the alleged unconstitutionality of the residual clause made his convictions invalid.

The district court denied Estell's motion based on *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) (per curiam), which held that *Johnson* did not render the residual clause of § 924(c)(3)(B) unconstitutionally vague. *Id.* at 700. The district court granted a certificate of appealability, and Estell argues on appeal that *Prickett* is both wrong and superseded by intervening authority. He relies on *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held that another residual clause,

---

[1]The Honorable Susan O. Hickey, now Chief Judge, United States District Court for the Western District of Arkansas.

found in 18 U.S.C. § 16, was unconstitutionally vague. The Supreme Court is now considering the residual clause of § 924(c)(3)(B) in *United States v. Davis*, No. 18-431 (argued Apr. 17, 2019).

The government responds that even if the residual clause of § 924(c)(3)(B) is unconstitutionally vague, Estell's bank robbery and carjacking qualify as crimes of violence under the force clause of § 924(c)(3)(A). An offense qualifies as a "crime of violence" under that clause if it is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Bank robbery and carjacking both have as an element the use or threatened use of physical force, because each offense must be committed either "by force and violence" or "by intimidation," which means the threat of force. *Id.* §§ 2113(a), 2119; *United States v. Wright*, 957 F.2d 520, 521 (8th Cir. 1992). We have thus said in prior decisions that each of Estell's underlying offenses is a "crime of violence" under § 924(c)(3)(A). *See Allen v. United States*, 836 F.3d 894, 894 (8th Cir. 2016) (bank robbery); *United States v. Mathijssen*, 406 F.3d 496, 500 (8th Cir. 2005) (carjacking); *United States v. Jones*, 34 F.3d 596, 601-02 (8th Cir. 1994) (carjacking).

Estell argues nonetheless that his offenses do not categorically require the use or threatened use of force because the "intimidation" element in the bank robbery statute may be met through a defendant's reckless or negligent conduct. He also contends that bank robbery does not require "violent physical force," because intimidation occurs when a person "reasonably could infer a threat of bodily harm from the defendant's acts," and "it is possible to cause bodily injury without employing violent physical force." He asserts that the intimidation element in the carjacking statute likewise disqualifies that offense as a categorical crime of violence.

Estell's arguments are foreclosed by the reasoning of *United States v. Harper*, 869 F.3d 624 (8th Cir. 2017). There, we explained that even though bank robbery by

intimidation does not require a specific intent to intimidate, *see United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003), it still constitutes a threat of physical force because "'threat,' as commonly defined, 'speak[s] to what the statement conveys—not to the mental state of the author.'" *Harper*, 869 F.3d at 626 (quoting *Elonis v. United States*, 135 S. Ct. 2001, 2008 (2015)). Thus, if the government establishes that a defendant committed bank robbery by intimidation, it follows that the defendant threatened a use of force causing bodily harm. *See Yockel*, 320 F.3d at 824. And "[a] threat of bodily harm requires a threat to use violent force because 'it is impossible to cause bodily injury without using force capable of producing that result.'" *Harper*, 869 F.3d at 626 (quoting *United States v. Winston*, 845 F.3d 876, 878 (8th Cir. 2017)). The same goes for carjacking by intimidation. We therefore conclude that Estell's underlying offenses of bank robbery and carjacking qualify as crimes of violence under § 924(c)(3)(A). His convictions and sentences under § 924(c)(1)(A) for using a firearm during and in relation to those crimes are not unconstitutional.

The judgment of the district court is affirmed.

_____