# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2465
_____

Corey Kidd

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: May 13, 2019
Filed: July 3, 2019
[Published]
_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Corey Kidd pleaded guilty in 2011 to using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), which provides consecutive mandatory minimum sentences for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The crime of violence

underlying Kidd's conviction was aiding and abetting armed robbery of controlled substances in violation of 18 U.S.C. §§ 2, 2118(a), and 2118(c)(1). The district court[1] denied Kidd's 2016 motion to vacate his firearm conviction, see 28 U.S.C. § 2255, but granted a certificate of appealability on the question whether the residual clause definition of "crime of violence" set forth in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Because the residual clause definition does not apply in this case, we affirm the district court's judgment denying relief.

Kidd argues that aiding and abetting armed robbery involving controlled substances does not qualify as a crime of violence under the force clause definition of 18 U.S.C. § 924(c)(3)(A). The relevant portion of the robbery statute proscribes taking or attempting to take controlled substances from the person or presence of another "by force or violence or by intimidation." 18 U.S.C. § 2118(a). Kidd contends that because the offense can be committed by means of intimidation, it does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another" that is required under § 924(c)(3)(A).

We have defined intimidation as "the threat of force." United States v. Wright, 957 F.2d 520, 521 (8th Cir. 1992). Accordingly, we have held that the federal offenses of bank robbery and carjacking—both of which are committed either "by force and violence" or "by intimidation"—categorically qualify as crimes of violence under the force clause of § 924(c)(3)(A). Estell v. United States, 924 F.3d 1291, 1293 (8th Cir. 2019) (holding that bank robbery under 18 U.S.C. § 2113(a) and carjacking under 18 U.S.C. § 2119 qualify as crimes of violence under § 924(c)(3)(A)). Applying the same definition of "intimidation" in this case, we hold that the offense

---

[1]The Honorable Susan O. Hickey, now Chief Judge, United States District Court for the Western District of Arkansas, adopting in part the report and recommendation of Honorable Barry A. Bryant, then Chief United States Magistrate Judge for the Western District of Arkansas.

of armed robbery involving controlled substances categorically qualifies as a crime of violence under the force clause of § 924(c)(3)(A).

Kidd maintains that intimidation does not require the intentional threat of physical force. See Allen v. United States, 836 F.3d 894, 895-96 (8th Cir. 2016) (Melloy, J., dissenting). We recently considered and rejected this argument in Estell, in which we held that the petitioner's arguments were foreclosed by the court's reasoning in United States v. Harper, 869 F.3d 624 (8th Cir. 2017):

> [In Harper,] we explained that even though bank robbery by intimidation does not require a specific intent to intimidate, it still constitutes a threat of physical force because "threat," as commonly defined, speaks to what the statement conveys—not to the mental state of the author. Thus, if the government establishes that a defendant committed bank robbery by intimidation, it follows that the defendant threatened a use of force causing bodily harm. And a threat of bodily harm requires a threat to use violent force because it is impossible to cause bodily injury without using force capable of producing that result.

Estell, 924 F.3d at 1293 (internal quotation marks and citations omitted). For the same reasons, we conclude that the offense of armed robbery involving controlled substances satisfies the force clause even when the offense is committed by means of intimidation. Because we treat an aider and abettor no differently than a principal, see 18 U.S.C. § 2, we hold that Kidd's underlying offense categorically qualifies as a crime of violence under § 924(c)(3)(A). We thus conclude that his conviction and sentence under § 924(c)(1)(A) are not unconstitutional.

Because § 924(c)(3)(A) applies in this case, the Supreme Court's recent decision in United States v. Davis does not afford Kidd the relief he seeks. See United States v. Davis, No. 18-431, --- S. Ct. ----, 2019 WL 2570623 (June 24, 2019) (striking down the residual clause of § 924(c)(3)(B) as unconstitutionally vague).

The judgment is affirmed.

_____