# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4192

_____

Brannon D. Taylor

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 25, 2019
Filed: July 17, 2019
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Brannon D. Taylor pleaded guilty in 2009 to one count of carjacking in violation of 18 U.S.C. § 2119 and one count of possession of a firearm in relation to a "crime of violence"—the carjacking—in violation of 18 U.S.C. § 924(c)(1)(A). The

district court[1] imposed a 125-month sentence for the former conviction and a 84-month sentence for the latter, to be served consecutively. Taylor moved to correct his sentence under 28 U.S.C. § 2255 in the wake of Johnson v. United States,135 S. Ct. 2551 (2015) (concluding that the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague). He argued that he was improperly convicted of using a firearm in connection with a crime of violence because one of two subsections defining such a crime—the residual clause of 18 U.S.C. § 924(c)(3)(B)—was unconstitutionally vague.

The district court determined that the provision was not unconstitutionally vague and denied Taylor's petition, along with his request for a certificate of appealability (COA). We too denied Taylor's subsequent request for a COA. On remand from the Supreme Court in light of Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (concluding that the residual clause found in 18 U.S.C. § 16(b) is unconstitutionally vague), we requested supplemental briefing and granted a COA regarding whether § 924(c)(3)(B) was void for vagueness in light of Dimaya, and whether Taylor's carjacking conviction nonetheless qualified as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). We thereafter held the case in abeyance pending the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019) (concluding that the residual clause of § 924(c)(3)(B) is unconstitutionally vague), which disposed of the first issue.

Notwithstanding the holding in Davis, we deny Taylor's request for relief under § 2255 because his carjacking conviction qualifies as a crime of violence under the force clause of § 924(c)(3)(A). An offense qualifies thereunder if it is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Taylor

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

contends that carjacking is not a crime of violence under the force clause because the carjacking statute permits a conviction by intimidation, which he argues does not require the use of violent physical force. See 18 U.S.C. § 2119 (prohibiting "[taking] with the intent to cause death or serious bodily harm . . . a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation"). We rejected this argument with respect to the same statute in Estell v. United States, 924 F.3d 1291, 1293 (8th Cir. 2019), and, for the same reasons expressed therein, we reject it here.

The denial of Taylor's § 2255 petition is affirmed.

_____