# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-2413

———————————————

Eric Johnson

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

——————————

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

——————————

Submitted: June 25, 2019
Filed: August 1, 2019
[Unpublished]

——————————

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

——————————

PER CURIAM.

Eric Devon Johnson pled guilty in 2013 to aiding and abetting armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, and the brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. He was sentenced to 135 months' imprisonment. He moved to

vacate his § 924(c) conviction under 28 U.S.C. § 2255, invoking *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court[1] found his challenge foreclosed by *United States v. Prickett*, 839 F.3d 697, 700 (8th Cir. 2016) (per curiam) (concluding "*Johnson* does not render § 924(c)(3)(B) unconstitutionally vague"). The district court granted a certificate of appealability whether § 924(c)(3)(B) is unconstitutional. This court held the case in abeyance pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Having jurisdiction under 28 U.S.C. § 1291 and 2253, this court affirms.

The issue is whether aiding and abetting armed bank robbery is a "crime of violence" under § 924(c). Section 924(c)(3) defines "crime of violence" as a felony offense that meets either the force clause of subsection (A) or the residual clause of subsection (B). In *Davis*, the Supreme Court invalidated the residual clause. *Davis*, 139 S. Ct. at 2336. Despite *Davis*'s holding, Johnson is not entitled to relief.

The force clause encompasses felonies that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Aiding and abetting armed bank robbery qualifies under this clause. Johnson's arguments to the contrary are foreclosed by precedent. Bank robbery by intimidation requires the threatened use of violent force. *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (holding bank robbery under § 2113(a) qualifies as crime of violence under § 924(c)(3)(A), even when committed by intimidation). Because bank robbery qualifies under the force clause, so does aiding and abetting armed bank robbery. *See Kidd v. United States*, 2019 WL 2864451, at *2 (8th Cir. July 3, 2019) (per curiam) (aider and abettor is treated same

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, adopting in part the report and recommendation of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

as principal when determining whether offense qualifies as crime of violence under § 924(c)(3)(A)), *citing* 18 U.S.C. § 2.  Johnson is not entitled to § 2255 relief.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____