# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2288
_____

United States of America

*Plaintiff - Appellee*

v.

Richard L. Gathercole

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: February 27, 2020
Filed: March 3, 2020
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Richard Gathercole appeals after he pleaded guilty to bank robbery, carjacking, and a firearm offense, and the district court[1] imposed a sentence consistent with his

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, which contained an appeal waiver. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was unreasonable, and that Gathercole was denied effective assistance of counsel. Gathercole has filed a pro se brief arguing that his firearm conviction--i.e., brandishing a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)--is unconstitutional in light of United States v. Davis, 139 S. Ct. 2319 (2019) (invalidating § 924(c)(3)(B)--the residual clause definition of crime of violence--as unconstitutionally vague).

Upon careful review, we conclude that Davis does not apply to Gathercole's conviction. See Estell v. United States, 924 F.3d 1291, 1293 (8th Cir. 2019) (bank robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A)); see also Kidd v. United States, 929 F.3d 578, 581 (8th Cir. 2019) (per curiam) (armed robbery categorically qualifies as crime of violence under use-of-force clause of § 924(c)(3)(A); Davis does not apply where predicate offense qualifies under use-of-force clause).

To the extent Gathercole attempts to assert ineffective assistance of counsel, we decline to address the claim in this direct appeal, see United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

Finally, we conclude that the appeal waiver is valid, enforceable, and applicable to the remaining issues raised in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We

have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we enforce the appeal waiver as to Gathercole's challenge to the reasonableness of his sentence, affirm in all other respects, and grant counsel leave to withdraw.

_____