# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1891
_____

United States of America,

*Plaintiff - Appellee*,

v.

Melvin Lavon Shields,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 14, 2022
Filed: March 27, 2023
_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Melvin Shields pleaded guilty to a firearms offense. The district court[*] imposed a sentence of thirty-two months' imprisonment. Shields raises a procedural challenge to his sentence, but we conclude that the district court did not err, and therefore affirm the judgment.

In January 2021, Shields was arrested for violating conditions of supervised release that were imposed as part of a sentence for his prior federal conviction for conspiracy to commit carjacking. *See* 18 U.S.C. §§ 371, 2119. Following the arrest, law enforcement officers found a loaded firearm on Shields's person.

Shields pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See id.* §§ 922(g)(1), 924(a)(2). At sentencing, the district court determined a base offense level of twenty under the sentencing guidelines, after concluding that Shields's prior federal conviction for conspiracy to commit carjacking was a crime of violence. *See id.* §§ 371, 2119; USSG § 2K2.1(a)(4)(A). The court then applied a three-level reduction for acceptance of responsibility. *See* USSG § 3E1.1. Based on a total offense level of seventeen and a criminal history category III, the court calculated an advisory guideline range of thirty to thirty-seven months' imprisonment, and imposed a sentence of thirty-two months to be followed by three years of supervised release.

Shields argues that the district court committed procedural error in calculating his base offense level. The guidelines set a base offense level of twenty if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." *Id.* § 2K2.1(a)(4)(A). The guidelines

---

[*]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

define "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1). Commentary to the guidelines provides that "crime of violence" includes the crimes of aiding and abetting or conspiring to commit such an offense. *Id.* § 4B1.2, comment. (n.1).

Shields first argues that carjacking is not a crime of violence, because carjacking by intimidation does not require the use, attempted use, or threatened use of force against the person of another. Under 18 U.S.C. § 2119, "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempts to do so," commits an offense. Shields's argument is foreclosed by *Estell v. United States*, 924 F.3d 1291 (8th Cir. 2019), which held that carjacking is a crime of violence under the Armed Career Criminal Act. *Id.* at 1293. The identical relevant text of the sentencing guidelines leads to the same conclusion.

Shields suggests that *United States v. Taylor*, 142 S. Ct. 2015 (2022), undermined *Estell*. In *Taylor*, the Supreme Court concluded that attempted Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), does not qualify as a crime of violence under the ACCA. Hobbs Act robbery requires the unlawful taking of property by means of actual or threatened use of force. But the Court concluded that a defendant could commit the *attempted* robbery offense by taking a substantial step toward the robbery without using or threatening force in the attempt. 142 S. Ct. at 2020. The Court explained that for a defendant to threaten force, "some form of communication is usually required," but attempted Hobbs Act robbery does not categorically require that the defendant communicates a threat to another person. If, for example, a defendant is apprehended on the way to the robbery, he may never engage in threatening conduct. *Id.* at 2022-23.

Shields contends that carjacking does not categorically involve the use of threatened force, because the "intimidation" element in the statute does not require a communicated threat of force. This court has explained, however, that "bank robbery by intimidation requires proof that the victim 'reasonably could infer a threat of bodily harm' from the robber's acts." *United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017) (quoting *United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003)). The intimidation element thus requires proof that the robber communicated a threat of bodily harm that could be inferred, *see Yockel*, 320 F.3d at 824, and "[t]he same goes for carjacking by intimidation." *Estell*, 924 F.3d at 1293. This court's precedents are consistent with *Taylor*.

Shields also argues that his conspiracy to commit carjacking offense does not qualify as a crime of violence, because conspiracy offenses do not require the use, attempted use, or threatened use of physical force. His argument is foreclosed by the commentary to USSG § 4B1.2 and this court's precedent. The commentary states that a crime of violence includes the crime of conspiring to commit such an offense, *see id.* § 4B1.2, comment. (n.1), and this court has held that the commentary is valid. *United States v. Merritt*, 934 F.3d 809, 811 (8th Cir. 2019); *see United States v. Mendoza-Figueroa*, 65 F.3d 691, 693 (8th Cir. 1995) (en banc).

The judgment of the district court is affirmed.

_____