# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1584
_____

United States of America

*Plaintiff - Appellee*

v.

Keith Lamar Dunlap

*Defendant - Appellant*

_____

No. 23-1585
_____

United States of America

*Plaintiff - Appellee*

v.

Keith Lamar Dunlap

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: July 24, 2023
Filed: August 1, 2023
_____

Before COLLOTON, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

In these consolidated cases, Keith Dunlap appeals the sentences the district court[1] imposed after he pleaded guilty to a new federal bank robbery offense and his supervised release was revoked. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging both sentences as substantively unreasonable. Dunlap raises additional arguments in a pro se brief.

After reviewing the record under a deferential abuse-of-discretion standard, see Gall v. United States, 552 U.S. 38, 41, 51 (2007); United States v. Miller, 557 F.3d 910, 915-16, 917 (8th Cir. 2009), we conclude the district court did not impose substantively unreasonable sentences. The sentences were within the statutory maximums. See 18 U.S.C. §§ 2113(a), 3583(b)(2), 3583(e)(3). The sentence imposed for the new bank robbery was also presumptively reasonable because it fell within the United States Sentencing Guidelines advisory range, see Gall, 552 U.S. at 51, and because the revocation sentence was below the advisory Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further," United States v. Michael, 12 F.4th 858, 860 (8th Cir. 2021) (citation omitted), cert. denied, 142 S. Ct. 1185 (2022). The court considered the statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors, including those discussed in the Anders and pro se briefs. See 18 U.S.C. §§ 3553(a), 3583(e); United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc). Although the court gave those factors less weight than Dunlap preferred, it acted within its wide discretion. See United States v. Vaca, 38 F.4th 718,

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

724 (8th Cir. 2022); United States v. Dunn, 928 F.3d 688, 694 (8th Cir. 2019). Moreover, the court's decision to impose the federal sentences consecutively was both statutorily authorized and reasonable, especially in light of Dunlap's criminal history. See 18 U.S.C. § 3584(a); United States v. Nelson, 982 F.3d 1141, 1146 (8th Cir. 2020); see also U.S.S.G. § 5G1.3(d) & comment. n.4(C).

In the pro se brief, Dunlap also suggests his new bank robbery sentence was unreasonable because he was not a career offender. See U.S.S.G. § 4B1.1(a). Even if the court had erred, Dunlap invited the error by conceding he was a career offender. See United States v. Corn, 47 F.4th 892, 895 (8th Cir. 2022). And even if Dunlap had not invited the error, we discern no plain error. See United States v. Benton, 918 F.3d 994, 996 (8th Cir. 2019) (per curiam); United States v. Harper, 869 F.3d 624, 625-27 (8th Cir. 2017); see also United States v. Shields, 63 F.4th 1145, 1147 (8th Cir. 2023). We decline to address Dunlap's ineffective-assistance-of-counsel claims on direct appeal because they are best addressed in collateral proceedings. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal.

Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw in both cases.

_____